**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHANNON BURTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    2:07cv548-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **AGRICULTURE & INDUSTRIES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER TO AMENDED COMPLAINT**

**COMES NOW,** the defendant, Alabama Department of Agriculture & Industries, and in answer to plaintiff's Amended Complaint, states as follows:

1.      The defendant admits the existence of federal question jurisdiction.  However, the defendant denies that unlawful discrimination occurred and demands strict proof thereof.

2.      Denied.

3.      Defendant admits proper venue; however, defendant denies any unlawful employment practices were committed and demands strict proof thereof.

4.      Admitted.

5.      The defendant admits it is a state agency and is authorized to do business in the State of Alabama.  Defendant admits it employees at least 15 persons.  Defendant denies the remainder of Paragraph 5 and demands strict proof thereof.

6.      Denied.

7.      Defendant admits that the plaintiff began her employment in September, 2001.

8.      Admitted.

9.    Defendant admits that the plaintiff was called to jury duty the week of October 24, 2005.

10.    Admitted.

11.    Defendant does not have enough information to admit or deny the allegations in Paragraph 11.

12.    Defendant does not have enough information to admit or deny the allegations in Paragraph 12.

13.    Defendant admits that Lance Hester was the plaintiff's immediate supervisor and that they had a discussion regarding the opening of mail.

14.    Defendant admits that Mr. Hester and the plaintiff had a conversation regarding the opening of mail.  The defendant denies the remainder of the allegations contained in Paragraph 14 and demands strict proof thereof.

15.    Admitted.

16.    Denied.

17.    Defendant admits that Mr. Hester spoke with the plaintiff regarding an accusatory comment she had made to him.  The defendant denies the remainder of the allegations contained in Paragraph 17 and demands strict proof thereof.

18.    Defendant admits that Mr. Hester asked the plaintiff to meet with him regarding the plaintiff's accusation against him.  The defendant denies the remainder of the allegations contained in Paragraph 18 and demands strict proof thereof.

19.    Denied.

20.    Denied.

21.    Denied.

22.     Admitted.

23.     Defendant admits that plaintiff responded to a written warning.

24.     Defendant admits that plaintiff was informed that failure to sign an acknowledgement of receipt of a written warning could result in discipline.  Defendant further admits the plaintiff eventually signed such an acknowledgement of receipt.  The defendant denies the remainder of the allegations contained in Paragraph 24 and demands strict proof thereof.

25.     Denied.

26.     Defendant admits that plaintiff appealed her suspension.  Defendant denies the remainder of the allegations contained in Paragraph 26 and demands strict proof thereof.

27.     Denied.

28.     Defendant admits that the plaintiff was given notice that she would have an opportunity to be heard regarding her suspension.  The defendant denies the remainder of the allegations contained in Paragraph 28 and demands strict proof thereof.

29.     Denied.

30.     Defendant admits that Commissioner Sparks issued his decision regarding the plaintiff's suspension in a letter dated November 22, 2005.  Defendant denies the remainder of the allegations contained in Paragraph 30 and demands strict proof thereof.

31.     Denied.

32.     Defendant admits that plaintiff received notice that she could receive a post-suspension review.

33.     Denied.

34.     Defendant admits that an Administrative Law Judge presided over plaintiff's post-suspension review.  Defendant denies the remainder of the allegations contained in Paragraph 34 and demands strict proof thereof.

35.     Defendant admits that Lance Hester sent a memorandum to the plaintiff dated December 13, 2005 and that the memorandum speaks for itself.  The defendant denies the remainder of the allegations contained in Paragraph 35 and demands strict proof thereof.

36.     The defendant admits that the plaintiff's post-suspension review was conducted by an Administrative Law Judge on February 21, 2006.

37.     The defendant admits that the Administrative Law Judge rendered an opinion regarding plaintiff's suspension and that the opinion speaks for itself.  The defendant denies the remainder of the allegations contained in Paragraph 37 and demands strict proof thereof.

38.     Denied.

39.     Denied.

40.     Defendant admits that plaintiff's attorney contacted the defendant regarding plaintiff's suspension.  The defendant denies the remainder of the allegations contained in Paragraph 40 and demands strict proof thereof.

41.     Defendant does not have enough information to admit or deny the allegations contained in Paragraph 41.

42.     Defendant admits that plaintiff's attorney contacted the defendant regarding the plaintiff's suspension.  The defendant denies the remainder of the allegations contained within Paragraph 42 and demands strict proof thereof.

43.     Defendant denies that any documents are impermissibly omitted from the plaintiff's personnel file and demands strict proof thereof.

44.     Defendant admits that some of plaintiff's job responsibilities were changed during the course of her employment.  The defendant denies the remainder of the allegations contained within Paragraph 44 and demands strict proof thereof.

45.     Denied.

46.     Defendant admits that plaintiff filed a motion to enforce the recommendation of the Administrative Law Judge.  The defendant denies the remainder of the allegations contained in Paragraph 46 and demands strict proof thereof.

47.     Defendant realleges and incorporates responses to Paragraphs 1 through 46 by reference as if fully set forth herein.   To the extent called for, defendant also adopts and incorporates responses to Paragraphs 48 through 57 as if fully set forth herein.

48.     Denied.

49.     Denied.

50.     Defendant realleges and incorporates responses to Paragraphs 1 through 49 by reference as if fully set forth herein.   To the extent called for, defendant also adopts and incorporates responses to Paragraphs 51 through 57 as if fully set forth herein.

51.     Denied.

52.     Denied.

53.     Denied.

54.     Defendant realleges and incorporates responses to Paragraphs 1 through 53 by reference as if fully set forth herein.   To the extent called for, defendant also adopts and incorporates responses to Paragraphs 55 through 57 as if fully set forth herein.

55.     Denied.

56.     Denied.

57.    Denied.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action against this defendant upon which relief may be granted to the plaintiff.

## SECOND AFFIRMATIVE DEFENSE

The defendant pleads the general issue.

## THIRD AFFIRMATIVE DEFENSE

The defendant pleads not guilty.

## FOURTH AFFIRMATIVE DEFENSE

The defendant avers that it is not guilty of any violation of the plaintiff's employment rights.

## FIFTH AFFIRMATIVE DEFENSE

The defendant pleads the statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff has failed to exhaust her administrative remedies.

## SEVENTH AFFIRMATIVE DEFENSE

The defendant affirmatively avers that any actions it took, having any bearing whatsoever on plaintiff, were taken for legitimate nondiscriminatory reasons and were an appropriate exercise of its authority without intent to discriminate against plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff's claim for relief is barred for a failure to mitigate her damages, if any.

## NINTH AFFIRMATIVE DEFENSE

The defendant denies that it acted with any discriminatory intent.

## TENTH AFFIRMATIVE DEFENSE

The defendant avers that all actions were taken in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant avers that all actions were made for bona fide business purposes.

## TWELFTH AFFIRMATIVE DEFENSE

All of the acts or omissions alleged by the plaintiff were for legitimate, nondiscriminatory reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant avers that all employment decisions were made as a result of business necessity.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant denies that any violation of Title VII has occurred and demands strict proof thereof.

## FIFTEENTH AFFIRMATIVE DEFENSE

At all times relevant to this Complaint defendant acted based on reasonable factors other than sex or race in dealing with the plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

The plaintiff contributed to any of the alleged damages or injuries received.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The plaintiff is not entitled to punitive damages in this action and any order of punitive damages against this defendant would amount to a violation of this defendant's constitutional rights.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries and damages resulted from her own conduct, and she contributed to any of the alleged damages or injuries received. She should be estopped from any cause of action in this matter.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant pleads the ninety (90) day time limitation contained in 42 U.S.C. §2000e-5(f).

### TWENTIETH AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims that arose more than 180 days prior to the filing of an EEOC charge, those claims are barred for failure to satisfy the statutory prerequisites to suit.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that plaintiff asserts claims that arose more than 180 days prior to the filing of an EEOC charge, those claims are time-barred and due to be dismissed.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from seeking equitable relief as she comes into this Court with unclean hands.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant pleads accord and satisfaction.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant denies any wrongful, tortious, fraudulent or improper conduct.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendant avers that plaintiff is limited to the scope of the EEOC charge of discrimination. Defendant pleads the applicability of 42 U.S.C. §1981a and the damage limitations contained therein.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The award of discretionary, compensatory damages for mental suffering on behalf of Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States because there are no fixed standards for the ascertainment of compensatory damages recoverable for mental suffering. The amount of damage for such a claim is left to the sound discretion of the jury with no specific, much less objective standard for the amount of the award. Therefore, the procedure pursuant to which compensatory damages for mental suffering are awarded violates the Constitution because: (a) it fails to provide a reasonable limit on the amount of the award against Defendants, which thereby violates the due process clause of the Fourteenth amendment of the Constitution of the United States, (b) it fails to provide specific standards for the amount of the award of compensation, which thereby violates the due process clause of the Fourteenth Amendment of the United States Constitution, (c) it results in the imposition of different compensation for the same or similar acts, and, thus, violates the equal protection clause of the Fourteenth Amendment of the United States Constitution; and, (d) it constitutes deprivation of property without due process of law required under the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The award of discretionary compensatory damages for mental suffering to the Plaintiff violates the due process clause of Article One, Section 6 of the Constitution of Alabama because it fails to provide a limit on the amount of the award against this Defendant, it is unconstitutionally vague, it fails to provide specific standards in the amount of the award of such damages, and it constitutes a deprivation of property without the due process of the law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

1.      Defendant avers that the Complaint fails to state a claim upon which punitive damages may be awarded to Plaintiff.

2.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the State of Alabama.

3.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

4.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the constitutional safeguards provided to the Defendant under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States in that the determination of punitive damages under Alabama law is vague, is not based upon any objective standards, is in fact standardless, and is not rationally related to legitimate government interests.

5.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

6.      Defendant avers that any award of punitive damages to the Plaintiff in this case would be violative of the procedural safeguards provided to defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

7.      It is violative of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

8.      It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose documents and evidence.

9.      Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, on the following grounds:

   a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

   b)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit or, the amount of the award against defendant, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   c)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

   d)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

   e)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution; and

     f)      The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution.

     10.      Plaintiff's claim of punitive damages violates the Due Process Clause of Article I, Section 6, of the Constitution of Alabama, on the following grounds:

     a)      It is a violation of the Due Process Clause to impose punitive damages, which are penal in nature, upon a civil defendant upon the plaintiff's satisfying a burden of proof less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

     b)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant;

     c)      The procedures pursuant to which punitive damages are awarded are unconstitutionally vague;

     d)      The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages;

     e)      The award of punitive damages in this case would constitute a deprivation of property without due process of law; and

     f)      The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against this defendant.

     11.      Plaintiff's attempt to impose punitive or extracontractual damages on this Defendant, on the basis of vicarious liability for the conduct of others, violates the Fifth, Eighth and Fourteenth Amendments of the United States Constitution.

     12.      The award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

13. The award of punitive damages against Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22 of the Constitution of Alabama.

14. The Complaint fails to state a claim for punitive damages under Alabama Code §§ 6-11-20 to 6-11-30 (1975) and is barred.

15. It is violative of the self-incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against this Defendant punitive damages, which are penal in nature, yet compels Defendant to disclose evidence.

16. Plaintiff's claim for punitive damages is limited to the amount recoverable as set forth in §6-11-21, Ala.Code, 1975. This defense is intended to challenge the ruling stated in Henderson v. Alabama Power Co., 627 So. 2d 878 (Ala. 1993).


        /s/     Emily C. Marks
EMILY C. MARKS

        /s/     E. Hamilton Wilson, Jr.
E. HAMILTON WILSON, JR.
Attorneys for the Defendant

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 31, 2007, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528


/s/ Emily C. Marks
OF COUNSEL