IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SHANNON BURTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.:   2:07cv548-MHT |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| AGRICULTURE & INDUSTRIES ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AFFIDAVIT SUBMITTED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Defendant Alabama Department of Agriculture & Industries and submits the following Motion to Strike portions of the Plaintiff's affidavit submitted in opposition to Defendant's Motion for Summary Judgment[1]. (Doc. 20-6). As grounds for this motion, Defendant would show as follows:

1. On May 13, 2008, the Defendant filed a Motion for Summary Judgment with Supporting Brief and evidence. On May 30, 2008, the plaintiff filed an opposition to the Defendant's Motion for Summary Judgment[2]. Plaintiff submitted an affidavit in support of her opposition to summary judgment. For the reasons that follow, Defendant submits that portions of the Affidavit of the plaintiff are due to be struck.

2. Rule 56(e) of the Federal Rules of Civil Procedure provides that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein." In

---

[1] "It is well-settled that a purported affidavit that does not meet the standards of Rule 56(e) is subject to a timely motion to strike and should not be considered by the court in opposition to a motion for summary judgment." Williams v. Hager Hinge Co., 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).
[2] The plaintiff filed a supplemental response to her opposition to Defendant's Motion for Summary Judgment on June 12, 2008.

determining the admissibility of testimony contained in an affidavit, a court should utilize the same standards as would be used at trial. White v. Wells Fargo Guard Services, 908 F.Supp.1570, 1577 (M.D. Ala. 1995). As a result, in ruling on summary judgment motions, a court should not consider inadmissible hearsay.

3. In White v. Wells Fargo Guard Services, supra, the employer moved for summary judgment. The plaintiff submitted affidavits in opposition to the defendant's motion for summary judgment. The employer moved to strike a portion of an affiant's testimony on the grounds that the matters contained in the affidavit were outside the personal knowledge of the affiant. Although this court found that the facts and testimony contained in the questioned paragraphs of the affidavit were relevant, they were not admissible. This court found that the statements were based on incorporated memorandums, clearly were not made from personal knowledge, but were based from memorandums which were hearsay, and inadmissible in evidence. There was no evidence that the affiant was present at any of the events, and no affidavits were offered by those who were present at the events. Merely stating the substance of written instruments was not sufficient. Because the statements in the affidavits were not based on personal knowledge, this court did not consider those statements in its analysis of the motion for summary judgment. See Also Gordon v. Schneider National Carriers, Inc., 951 F.Supp. 207, 213 n.3 (M.D. Ala. 1996) (paragraphs in affidavit based on hearsay and not within affiant's personal knowledge were due to be struck from consideration in summary judgment).

The Eleventh Circuit noted that Rule 56, Federal Rules of Civil Procedure "requires that affidavits that support or oppose summary judgment motions shall be made on personal knowledge, and shall set forth such facts as would be admissible in evidence." Macuba v. Deboer, 193 F.3d 1316, 1322-23 (11th Cir. 1999). The Court further recognized that the "general rule is that

2

inadmissible hearsay cannot be considered on a motion for summary judgment." Macuba v. Deboer, 193 F.3d at 1322. Further, "[b]ald conclusions, opinions, and hearsay without supporting specific facts are not admissible and do not create a genuine issue of material fact." Williams v. Hager Hinge Co., 916 F.Supp. 1163, 1168 (M.D. Ala. 1995).

4. The plaintiff offers the following affidavit testimony which is outside her personal knowledge, constitutes hearsay and/or is improper opinion and conclusions:

> "Mr. Hester saw Joe Barnes come to my office one afternoon about ten minutes after five, I gave Joe some money. The next day he saw Ms. Teresa Smiley (Deputy Commissioner) giving me money and stated, 'This is the second day after five I have seen money being exchanged, what are you doing, dealing drugs?' Joe borrowed money for gas and Ms. Smiley was buying Girl Scout cookies. Mr. Hester's comments were disrespectful, demeaning and racist. The Deputy Commissioner Teresa Smiley told me that Lance Hester's comments about me dealing drugs were offensive to her." (Doc. 20-6, p. 3).

***

> "It is obvious my belief was more important to Mr. Hester than unopened mail for an entire week. In my opinion, this demonstrates a lack of supervision of work productivity and a lack of concern for the consumers of the State of Alabama by Mr. Hester." (Doc. 20-6, p. 3).

***

> "Why Mr. Hester chooses to make my opinion a disciplinary step, I will never know the truth. What I do know, my opinion that Lance Hester asked for did not constitute being written up, disrupted the department, interfered with work productivity, indicated failure to submit to neither authority nor insubordination." (Doc. 20-6, p. 4).

***

> "Lance Hester and Commissioner Ron Sparks did not comply with relevant portions of State Personnel Policies and Procedures and the Department of Agriculture and Industries Policies and Procedures regarding 'Progressive Discipline (sic). The suspension was not warranted and there were mitigating circumstances that suggested that a less drastic action was appropriate." (Doc. 20-6, p. 4; 5).

3

\*\*\*

"My opinion that if the subject came up in the future about the postmark dates on mail October 24-28, 2005, that Lance Hester would not be truthful about the dates; in no way demonstrates disruptive behavior, insubordination nor did I fail to submit to authority." (Doc. 20-6, pp. 4-5).

\*\*\*

"The State of Alabama Law and the State Personnel Board Rules require that you give the employee who is about to be suspended, a reasonable amount of notice for his or her hearing. The Department of Agriculture and Industries did not comply with the law or rule." (Doc. 20-6, p. 6).

\*\*\*

"Jamie Baxley used abusive language toward the Asst. Commissioner Doug Rigney and was told by the Asst. Commissioner to leave his office with that attitude. Mrs. Baxley was sent home for the rest of that day with pay and was not given a written reprimand nor was she suspended. I got this information from Deputy Commissioner Teresa Smiley who stated Charlenthia Canidate heard the abusive language because of her office at that time was directly across from Doug Rigney. I feel like I was treated differently. Under all of the circumstances, does a suspension present a fair and honest reason, regulated by good faith for an employee's belief, not an accusation? There were mitigating circumstances which suggest that a less drastic action was appropriate. The Department of Agriculture and Industries is not fair or consistent with punishment for actions of employees. (Doc. 20-6, p. 7).

\*\*\*

"In October of 2004, over a hundred thousand dollars in unprocessed checks and money orders for renewals from Consumers of The State of Alabama were found in Pat Burgess's office and there was still a problem in 2005. She was not given a reprimand nor suspended. In the beginning of 2004 the Food Safety Section was seeking to fill an ASA I position. Mr. Hester asked me if I knew of anyone that was interested and I told him Mary Catrett had mentioned Pat Burgess. Mr. Hester states, 'He had already spoken to Dr. Bloch about Pat and Dr. Bloch told him we (The Food Safety Section) did not need that headache.' That statement alone lets everyone know that Dr. Bloch has had a

problem with Pat Burgess failure to perform her job properly and inconsistencies with punishment for the action." (Doc. 20-6, p. 7).

\*\*\*

"The black employees in this building are still confused about what you thought you accomplished in this meeting because there is still obvious mistreatment of minorities in the building. It appears to me to be a pattern of inconsistency with what constitute (sic) punishment for an employee's action." (Doc. 20-6, p. 8).

\*\*\*

"Dr. Hester a federal employee that works in the Richard Beard Building called an Agriculture's state employee a "FAT BROAD" (April Lovelady, no longer employed as of 2006). Everyone saw April crying after that comment made by Dr. Hester. No actions were taken against Dr. Hester?" (Doc. 20-6, p. 8).

The above testimony offered by the plaintiff in opposition to the Defendant's Motion for Summary Judgment constitutes inadmissible hearsay, is bald opinion and conclusion, and/or is outside the scope of plaintiff's personal knowledge. The plaintiff offers the above testimony without any supporting specific facts which are within her personal knowledge. This hearsay testimony is offered to prove the truth of the matter asserted and do not fall within any exception to the hearsay rule of exclusion. Accordingly, the above testimony should be struck and not considered in opposition to Defendant's Motion for Summary Judgment.

WHEREFORE, PREMISES CONSIDERED, Defendant Alabama Department of Agriculture & Industries moves the Court to strike the above-identified portions of the plaintiff's Affidavit submitted in opposition to Defendant's Motion for Summary Judgment.

6

       /s/     Emily C. Marks
EMILY C. MARKS

       /s/     E. Hamilton Wilson, Jr.
E. HAMILTON WILSON, JR.
Attorneys for the Defendant

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 19, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528

                                      /s/ Emily C. Marks
                                      OF COUNSEL