**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **SHANNON BURTON** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:    2:07cv548-MHT** |
| | ) | |
| **ALABAMA DEPARTMENT OF** | ) | |
| **AGRICULTURE & INDUSTRIES** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**COMES NOW,** the Defendant, Alabama Department of Agriculture & Industries, and submits the following Reply to Plaintiff's Response and Supplemental Response in Opposition to Defendant's Motion for Summary Judgment.  (Doc. 19; Doc. 24).

       I.       The Plaintiff's Brief in Opposition to Defendant's Motion for Summary Judgment Fails to Comply with this Court's Uniform Scheduling Order

In its Uniform Scheduling Order, this Court mandates that "[i]n all briefs filed by any party relating to the [dispositive] motion, the discussion of the evidence in the brief must be accompanied by a specific reference, by page and line to where the evidence can be found in a supporting deposition or document.  Failure to make such specific reference will result in the evidence not being considered by the court."  (Doc. 9, p. 2, Section 2).  The plaintiff's Response (Doc. 20) and Supplemental Response (Doc. 24) both contain a Statement of Facts.  However, neither document makes any reference, specific or general, to supporting evidence.  As such, the plaintiff's Response and Supplemental Response fail to comply with this Court's Uniform Scheduling Order and the evidence submitted by the plaintiff in opposition to summary judgment should not be considered by the Court.

II.    Title VII Claims Untimely and Not Properly Raised in EEOC Complaint

The plaintiff seems to excuse her failure to include all of her claims in her EEOC Charge of Discrimination by stating that "[i]n an EEOC charge, the intake officer only takes in minimal information." (Doc. 24, p. 10). However, the plaintiff offers no evidence that she was unable to present all claims of discrimination and/or retaliation to the EEOC. She further makes the unsupported argument that the allegations contained in her judicial complaint were continuing in nature. The plaintiff asserts that the "[p]laintiff properly indicated that the actions taken against her were continuing." (Doc. 24, p. 12). However, nowhere in her EEOC complaint was such an indication made. Significantly, the plaintiff cites to no legal authority to support her position that her claims were timely raised in her EEOC Charge of Discrimination. In fact, the entirety of the plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment contains only four citations to legal authority, one of which states the summary judgment standard according to the Alabama Court of Civil Appeals.

The plaintiff makes unsupported assertions about the plaintiff's right to bring her complaints because they were continuing in nature. She cites to no legal authority and gives no factual basis to support the proposition that the acts of discrimination or retaliation forming the basis of the complaint are not discrete acts that should have been raised in her EEOC complaint.

The only mention in the plaintiff's EEOC complaint relating to her suspension is as follows: "I believe that I was discriminated against in violation of Title VII of the 1964 Civil Rights Act, as amended because of my race, Black and in retaliation to my complaint that I was suspended because of my race." (Doc. 24, p. 11). The plaintiff seems to argue that because she now claims the alleged discrimination and retaliation were ongoing, no discrete acts of discrimination or retaliation have to be raised in the EEOC charge within 180 days. Such a

position is unsupported by legal analysis and is inconsistent with the law of this Circuit as cited to by the defendant in its initial Brief in Support of its Motion for Summary Judgment (Doc. 15).

The plaintiff claims her suspension was not a discrete act but was ongoing, and accordingly, was timely brought. However, the plaintiff was suspended from November 23, 2005 to December 6, 2005. Her suspension had a definite start date and end date, after which the plaintiff returned to work. As such, the suspension was a discrete act that was not timely raised in an EEOC Charge of Discrimination within 180 days. The plaintiff argues that her suspension was based on race discrimination but offers no explanation or legal authority to support her argument that this claim was properly presented to the EEOC within 180 days. Accordingly, the plaintiff's claims are barred, and summary judgment is due to be granted.

III.     Title VII Claims

  A.     Race Discrimination

The plaintiff focuses her analysis of her race discrimination claim on her receipt of a written reprimand and suspension. She attempts to establish that she was treated less favorably than a similarly situated white employee in an effort to establish the required elements of a race discrimination claim. The plaintiff offers Jamie Baxley, a white female, as a comparator. The only evidence presented by the plaintiff regarding Ms. Baxley's alleged behavior at work and resulting discipline comes in the form of the plaintiff's affidavit. In her affidavit, the plaintiff states as follows:

> Jamie Baxley used abusive language toward the Asst. Commissioner Doug Rigney and was told by the Asst. Commissioner to leave his office with that attitude. Mrs. Baxley was sent home for the rest of that day with pay and was not given a written reprimand nor was she suspended. **I got this information from Deputy Commissioner Teresa Smiley who stated Charlentia Candidate heard the abusive language because her office at that time was directly across from Doug Rigney.**

(Doc. 20-6 p. 7)(emphasis added).  For the reasons set forth more fully in Defendant's Motion to Strike plaintiff's affidavit submitted contemporaneously herewith, the plaintiff's testimony regarding Jamie Baxley constitutes inadmissible hearsay and is not based on her personal knowledge.  As such, it is insufficient to create a question of fact as to plaintiff's claim of race discrimination arising out of her suspension.

In any event, Ms. Baxley is not a proper comparator for the purposes of establishing the elements of a race discrimination claim.  The plaintiff offers no evidence that Ms. Baxley is similarly situated.  The plaintiff offers no evidence regarding Ms. Baxley's employment status, or information that establishes that she engaged in similar conduct and was disciplined differently therefor.  The plaintiff does not dispute that Ms. Baxley was disciplined by a different supervisor.

Further, although the plaintiff attempts to differentiate Ms. Baxley's alleged discipline with her own receipt of a written warning, her discrimination claim actually arises out of her suspension.  It is undisputed that the plaintiff only received a written warning for her insubordinate conduct toward her supervisor when she told him he would lie about a work matter.  The plaintiff cannot establish that the written warning constitutes an adverse employment action.  She simply notes that the written warning ultimately resulted in a suspension.  The plaintiff's suspension occurred only after her continued refusal to follow the directives of her supervisors and continued insubordination in failing to following employee policies.  Thus, the alleged actions by Ms. Baxley are qualitatively different from the continued insubordinate actions by the plaintiff.  Accordingly, the plaintiff cannot establish a prima facie case of discrimination and summary judgment is due to be granted.

The plaintiff fails to respond to the Defendant's Motion for Summary Judgment as it relates to her apparent claim of race discrimination for failure to promote. Accordingly and for the reasons set forth more fully in Defendant's Brief in Support of Motion for Summary Judgment, summary judgment is due to be granted.

    B.    Retaliation

The plaintiff only addresses her retaliation claim as it relates to the defendant's alleged failure to act on the appeal of her suspension. Accordingly, the defendant asserts that the plaintiff has abandoned all other claims of retaliation.

The plaintiff claims that the defendant's alleged failure to act on the appeal of her suspension was retaliatory[1]. Not only is this claim barred by the plaintiff's failure to timely present it in an EEOC Charge of Discrimination, the plaintiff does not present any evidence that there is any causal connection between her protected act and the defendant's alleged delay in making a final decision on her appeal. There is no evidence that any alleged delayed action is retaliatory in nature. Further, the plaintiff cannot establish that the alleged delay in acting on her appeal resulted in any adverse employment action. The Commissioner has the right to accept, reject, or modify the recommendation of the Administrative Law Judge regarding the plaintiff's suspension. A rejection of the recommendation of the ALJ simply maintains the status quo. Based upon the foregoing, summary judgment is due to be granted.

    IV.    Procedural Due Process Claim

The plaintiff fails to identify any constitutional right allegedly violated by the defendant. The plaintiff, for the first time, suggests that the defendant has some duty under the constitution to maintain a personnel file on her, and claims that her personnel file is incomplete. First of all,

---

[1] Although the plaintiff claims in her brief that the Commissioner told her he would make her life miserable if she did not drop her appeal, she offers no evidence of the same.

the plaintiff cites to no authority for this assertion.  Second, the plaintiff fails to identify the origin of this alleged constitutional duty to maintain a personnel file.  The defendant asserts that no such duty exists under the U.S. Constitution.

The plaintiff next asserts that her procedural due process rights were violated because she was not given adequate time to prepare for her pre-suspension hearing before the Commissioner.  However, the plaintiff cites to no legal authority that the amount of notice she received prior to her hearing violates her procedural due process rights rights.  Further, it is undisputed that the plaintiff was given a subsequent, full hearing on her suspension where she was represented by counsel.  Thus, the plaintiff's due process rights were not impinged.

The plaintiff claims, for the first time, that her constitutional rights were violated because the defendant allegedly failed to comply with personnel policies when she received a written warning.  The plaintiff fails to identify the constitutional right allegedly abridged by her receipt of a written warning.  She further fails to cite to any legal authority or provide factual analysis that supports her contention that the discipline she received for insubordinate behavior violated the constitution.

Finally, the plaintiff claims that her procedural due process rights were violated by the defendant's alleged failure to issue a final, written decision regarding the appeal of her suspension.  The plaintiff does not articulate how the alleged failure to issue a written decision on the appeal of her suspension violated her constitutional rights.  The plaintiff undisputedly had multiple hearings on her suspension.  Her complaint is not that she denied an opportunity to be heard, but that she has not received a written final decision on her appeal.  It is undisputed that there is no constitutional deadline for the issuance of written decisions on appeal.  The plaintiff does not identify any constitutional right to receive a written decision from the defendant on her

appeal in an administrative matter, much less within a specific time frame.  To find such a constitutional right exists would create an immediate and unsustainable burden on various employers, administrative bodies and courts because decision makers and judges would thus have a constitutional duty to provide opinions within a particular time frame.  Defendant asserts that no such duty exists.  Notably, the plaintiff fails to address the legal arguments set forth by the Defendant in its summary judgment brief regarding the fact that the plaintiff's procedural due rights have not been violated because the state provides a meaningful post-deprivation review.  Based upon the foregoing, summary judgment is due to be granted.

WHEREFORE, THE PREMISES CONSIDERED, Defendant, Alabama Department of Agriculture & Industries, respectfully requests, pursuant to Rule 56 of the Federal Rules of Civil Procedure that Summary Judgment be entered in its favor on all counts as a matter of law and against the Plaintiff.


_____/s/_____Emily C. Marks_____
EMILY C. MARKS

_____/s/_____E. Hamilton Wilson, Jr.
E. HAMILTON WILSON, JR.
Attorneys for the Defendant

OF COUNSEL:
BALL, BALL, MATTHEWS & NOVAK, P.A.
2000 Interstate Park Drive, Suite 204
Post Office Box 2148
Montgomery, Alabama  36102-2148
Phone:  (334) 387-7680
Fax:     (334) 387-3222

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2008, I electronically filed the foregoing with the Clerk of the Court, using the CM/ECF system which will send notification of such filing to the following:

Juraldine Battle-Hodge
207 Montgomery St., Ste. 215
Montgomery, AL  36104-3528

/s/ Emily C. Marks
OF COUNSEL