IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 AUG 25  A 11: 26

| | | |
|---|---|---|
| SHANNON BURTON, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No: 2:07-CV-548 |
| STATE OF ALABAMA DEPARTMENT OF AGRICULTURE & INDUSTRIES, | ) ) | |
| Defendant. | ) | |

## PLAINTIFF'S PROPOSED JURY CHARGES

COMES NOW the Plaintiff, Shannon Burton, and respectfully requests that the Court charge the jury as set forth in the attached charges numbered 1 through 7.

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION # 1**

The Plaintiff here is Shannon Burton and she contends that she was discriminated against when she was issued a written warning for stating her opinion and a similarly situated white employee was not disciplined when she engaged in similar conduct.

"To establish a prima facie case for discrimination for disparate treatment, the Plaintiff must show that (1) she is a member of a protected class; (2) has engaged in or been accused of engaging in misconduct similar to persons outside of her protected status and (3) similarly situated person received more favorable treatment."

The Defendant denies this charge and states that the Plaintiff was not discriminated against. It is your responsibility to decide whether Mrs. Burton has proven her claims against the Defendant by a preponderance of the evidence.

    Given     _____

    Refused    _____

    Modified    _____

**Source of Instruction:** *Early v. Morris Newspaper Corp.*, 54 F. Supp. 2d 1261, 1271 (M.D. Ala. 1999).

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #2

The Plaintiff here is Shannon Burton and she contends that she was retaliated against due to her participation in statutorily protected activity when she filed her A.S.EA. complaint.

Section 704(a) of the Title VII makes it "an unlawful employment practice for an employer to discriminate against any of his employees... because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." To establish a prima facie case for retaliation, a Title VII Plaintiff must show that (1) she was engaged in statutorily protected activity, (2) she suffered an adverse employment action, and (3) a casual connection exists between the protected activity and the adverse employment action.

The Defendant denies these charges and states that the Plaintiff was not retaliated against. It is your responsibility to decide whether Mrs. Burton has proven her claims against the Defendant by a preponderance of the evidence.

Given _____

Refused _____

Modified _____

**Source of Instruction:** *Bryson v. City of Waycross,* 888 F. 2d 1565 (11th Circuit 1989).

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #3

The standard of proof in a claim of Retaliation is by a preponderance of the evidence. In this context, you must visualize the scales of justice, and to be successful, Mrs. Burton's evidence must be sufficient to tip the scale in her favor. If Defendant's evidence outweighs this introduced by Mrs. Burton then she does not prevail.

Given  _____

Refused  _____

Modified  _____

**Source of Instruction:** *Thomas v. Runyon, Jr. 1994,* U.S. District Lexis 175.20.

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #4

If you find for Mrs. Burton and against Defendant on its defenses, you must then decide the issue of the Plaintiff's damages.

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more or no less.

Given  _____

Refused  _____

Modified  _____

**Source of Instruction:** *Thomas v. Runyon, Jr.* 1994, U.S. District lexis 175.20.

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## **PLAINTIFF'S PROPOSED JURY INSTRUCTION #5**

**Compensatory Damages**

If you find that Defendant retaliated against Mrs. Burton, you may award Mrs. Burton compensatory damages for "loss of retirement benefits, emotional pain, suffering, inconvenience, and mental anguish, loss of enjoyment of life and other nonpecuniary losses."

Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is the only actual damages that are introduced. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

Given _____

Refused _____

Modified _____

**Source of Instruction:** *Memphis Community School District v. Stachara*, 477 U.S. 299, 307.

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #6

**Punitive Damages**

If you find that Defendant retaliated against Mrs. Burton, you may reward Mrs. Burton punitive damages. Punitive damages should be awarded to deter or punish malicious deprivations of rights.

Given         _____

Refused       _____

Modified      _____

**Source of Instruction:** *Memphis Community School District v. Stachara,* 477 U.S. 299, 307.

*Shannon Burton v. Alabama State Department of Agriculture and Industries* 2:07 CV 548

## PLAINTIFF'S PROPOSED JURY INSTRUCTION #7

**Attorney's Fees**

If you find that the Defendant retaliated against Mrs. Burton, you may award Mrs. Burton attorney's fees.

Given            _____

Refused          _____

Modified         _____

**Source of Instruction:** *42 U.S.C. Section 1988 (b).*

Respectfully submitted,

Juraldine Battle-Hodge (3072-G-61J)
318 N. Decatur Street
Montgomery, AL 36104
Telephone: (334) 262-1177
Facsimile: (334) 263-5569

OF COUNSEL:
LAW OFFICES OF JURALDINE BATTLE-HODGE, P.C.
318 N. Decatur Street
Montgomery, AL 36104
Telephone:   (334) 262-1177
Facsimile:   (334) 263-5569

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document has been served upon the following via electronic filing on the 25th day of August 2008.

Hon. E. Ham Wilson, Jr.
Hon. Emily C. Marks
Ball, Ball, Matthews & Novak, P.A.
P.O. Box 2148
Montgomery, AL 36102-2148

_____
Of Counsel